## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT LEVI BALDE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 1:23-00173-KD-C** |
| | ) | |
| **STANLEY FASTENING SYSTEMS, LP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

This matter is before the Court on the Motion to Reinstate Case and to Enforce Settlement filed by Defendant Stanley Fastenings Systems, LP ("Stanley").[1] (Doc. 20). On April 15, 2024, on notice from Stanley that this action had settled and that the parties requested thirty days to finalize the settlement, the Court dismissed this action with prejudice subject to the right of either party to reinstate it within thirty days should settlement not be consummated. (Doc. 18).

On May 7, 2024, Stanley filed the instant motion. (Doc. 20). Stanley requests that the Court (1) reinstate this case and (2) enter an order enforcing the settlement in this matter between it and Plaintiff Robert Levi Balde ("Plaintiff"). (Id. at 1). The Motion, (Doc. 20), is **GRANTED in part and DENIED in part** as follows: the Court reinstates this action but declines to order Plaintiff to execute the Confidential Release and Settlement Agreement ("Release"), which it is without jurisdiction to do.

---

[1] Stanley amended its motion "to correct its legal name that was incorrectly listed as 'Stanley Fastenings, LP' in the first paragraph due to a clerical error." (Doc. 21 at 1).

## I.   BACKGROUND

Plaintiff's products liability action asserted four claims[2] that purportedly arose out of an incident involving a nail gun (the "Nail Gun") that Stanley designed, manufactured, and marketed. (Doc. 6 at 2–5; Doc. 8 at 1–2). Plaintiff claimed that on or about April 21, 2021, he was engaged in carpentry work using the Nail Gun when a "nail was ejected sideways from the product" and struck him in his right eye, rendering him blind in that eye. (Doc. 6 at 2). Stanley denied any fault in connection with the incident. (Doc. 8; Doc. 20 at 2). Before Plaintiff's planned October 2023 deposition, his counsel began settlement discussions that ultimately resulted in a settlement.[3] (Doc. 20 at 2). An email that month from defense counsel to Plaintiff's counsel recited the putative settlement terms including, *inter alia*, that "Plaintiff shall agree that defendant can keep the tool at issue and dispose of it."[4] (Doc. 20-3 at 2).

The long and short of the present dispute is that despite the understanding that Plaintiff was prepared to sign the Release in April 2024,[5] which prompted defense counsel's call to the Court notifying it of the settlement and the subsequent dismissal order,[6] Plaintiff now supposedly refuses to sign the Release because he will not get to keep the Nail Gun under its terms.[7] Because Plaintiff refuses to sign the Release, no settlement proceeds have been paid to him. (Doc. 20 at 5). Stanley now asks that the Court "enter an order compelling Plaintiff to execute the Release and to deliver the executed Release to Stanley's counsel." (Id. at 8). "Upon receipt of the executed Release, Stanley will pay the settlement proceeds to Long & Long as agreed so that the

---

[2] The Amended Complaint brought claims under the Alabama Extended Manufacturer's Liability Doctrine (Count One), negligence (Count Two), wantonness (Count Three), and breach of warranty (Count Four). (Doc. 6 at 2–5).
[3] "The amount of the agreed settlement payment is confidential." (Doc. 20 at 2).
[4] Per Stanley, "Shortly after the case was filed, Plaintiff's counsel voluntarily agreed to produce the nail gun to Stanley's undersigned counsel, who forwarded the nail gun to Stanley for non-destructive examination. Stanley retains the nail gun at this time, by agreement of counsel." (Doc. 20 at 2 n.3).
[5] (See Doc. 20-10 at 1).
[6] (See Doc. 20 at 5; Doc. 18).
[7] (See Doc. 20 at 5; Doc. 20-12).

medical liens arising out of the medical care Plaintiff received for his eye injuries may be satisfied (and proof of same be provided to Stanley) and the remaining of the proceeds, if any, may be distributed as agreed by Plaintiff and Long & Long." (Id.). Stanley puts forth a "simple solution" to the "impasse" at bar—that Plaintiff use a small portion of the settlement proceeds, estimated between $250–$400, to purchase a new nail gun of his choice. (Id. at 5–6).

## II.      ANALYSIS

Enforcement of a settlement agreement—"whether through award of damages or decree of specific performance"—"is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994); Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012) ("In Kokkonen, the Supreme Court recognized that the enforcement of a settlement agreement falls outside the scope of ancillary jurisdiction of the federal courts, even when the court had jurisdiction to hear the underlying case."). Thus, absent the district court's incorporation of the settlement agreement in its dismissal order or retention of jurisdiction over it,[8] the district court does not retain ancillary jurisdiction to enforce a settlement agreement in a dismissed case. Kokkonen, 511 U.S. at 381–82. Provided that the district court does retain jurisdiction over the settlement agreement, however, it can enforce its terms, "even by use of its contempt power." Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1321 (11th Cir. 2002).

Here, the Court dismissed this action with prejudice subject to either party's right to reinstate the case within thirty days should the settlement fall through during that time. (Doc. 18). The Court also noted that the "action [was] before the Court on notice from [Stanley] that

---

[8] According to the Supreme Court, either option—embodying the settlement agreement in the dismissal order or retaining jurisdiction over the settlement contract—"has the same effect." Id. at 381–82.

this action has settled and that the parties request thirty (30) days to finalize the settlement."[9] Id. But these mere passing references to settlement are insufficient to confer ancillary enforcement jurisdiction over it. See, e.g., McAlpin v. Lexington 76 Auto Truck Stop, Inc., 229 F.3d 491, 502 (6th Cir. 2000) ("[T]he mere reference in a dismissal order to a settlement Agreement does not incorporate the Agreement into the order.") (citing Scelsa v. City Univ. of N.Y., 76 F.3d 37, 41 (2d Cir. 1996)); In re Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 274 (3d Cir. 1999) ("The phrase 'pursuant to the terms of the Settlement' fails to incorporate the terms of the Settlement Agreement into the order because 'a dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order.'"); Miener v. Mo. Dep't of Mental Health, 62 F.3d 1126, 1128 (8th Cir. 1995) (same); O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995) ("With the benefit of the *Kokkonen* decision to guide us, we hold than an order 'based on' the settlement agreement, without more, does not 'embody the settlement contract[]' . . . and is insufficient to create ancillary jurisdiction."); Lucille v. City of Chi., 31 F.3d 546, 548–49 (7th Cir. 1994) (holding that a district court's judgment that was "entered in accordance with the Settlement Agreement" did not incorporate all of its terms under Kokkonen).

The Fifth Circuit distinguished Kokkonen when "the district court's order of dismissal expressly provided that the parties could, within 60 days, move to reopen the case *to enforce the settlement*." Bell v. Schexnayder, 36 F.3d 447, 449 n.2 (5th Cir. 1994) (emphasis added);[10]

---

[9] The full Order reads: "This action is before the Court on notice from Defendant Stanley Fastening Systems, LP that this action has settled and that the parties request thirty (30) days to finalize the settlement. Accordingly, this action is DISMISSED with prejudice subject to the right of either party to reinstate this action within thirty (30) days of the date of this Order should the settlement not be finalized. Each party shall bear their own costs unless agreed otherwise in the settlement agreement." (Doc. 18).

[10] In Bell, the district court's sixty-day order said, "'[H]aving been advised by counsel for the parties that the above action has been settled,' [the district court was dismissing the case] 'without prejudice to the right, upon good cause shown within sixty (60) days, to reopen it if settlement is not consummated and *seek summary judgment enforcing the compromise.*'" Id. at 448 (emphasis added).

accord RE/MAX Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 645 (6th Cir. 2001) (holding that the district court order that said that any "subsequent order setting forth different terms and conditions relative to the settlement and dismissal of the within action shall supersede the within order[]" contemplated a "continued role for the court" post-dismissal because "the court may only enter subsequent orders involving the settlement agreement if it has retained jurisdiction"). Similarly, the Seventh Circuit construed the district court's recital of the settlement agreement in its dismissal order and inclusion of language that the suit was dismissed "without prejudice to reinstatement in the event that the . . . payments are not made by the defendant union" as retaining jurisdiction to enforce the terms of the settlement. Ford v. Neese, 119 F.3d 560, 561–62 (7th Cir. 1997) (ruling that though "[i]t would be helpful to all concerned if when judges retained jurisdiction of a case they said so rather than using the Aesopian 'dismissed with leave to reinstate' formula," it would "treat the case as if the judge had said what he meant" because of a minute order and statement at a status hearing by the judge that spoke of retaining jurisdiction). The Order here, (Doc. 18), contains none of these indicia sufficient for the Court to retain jurisdiction to enforce the parties' putative settlement. Accordingly, given the absence of language retaining jurisdiction in the Order and its omission of the settlement's terms, the Court lacks ancillary jurisdiction to enforce it. See Kokkonen, 511 U.S. at 381–82.

In a Southern District of Alabama case with nearly identical material facts, counsel for a defendant advised the court via telephone that the action had settled. See Jeffrey Dean Tardie v. Empire Truck Sales and Leasing, Inc., No. 1:03-CV-444-WS-C (S.D. Ala. 2004) (Doc. 98). The court then entered an order that the action was "dismissed with prejudice from the active docket of the Court, provided that any party may reinstate this action within thirty days from the date of the entry of this order if the settlement agreement is not consummated." (Id.). Within thirty days, the plaintiff moved to set aside its order of dismissal and reinstate the case. (Doc. 99). A

defendant then moved to enforce the parties' settlement agreement and require the plaintiff to execute the general release. (Doc. 100). Judge Steele granted the plaintiff's motion to reinstate the case while denying the motion to enforce settlement, writing:

> A federal court has no inherent power to enforce a settlement simply because it was reached in connection with a lawsuit in the federal forum. There must be either "some independent basis for federal jurisdiction," or the Court must possess ancillary jurisdiction because "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal." *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 380–82 (1994). Because the amount of the settlement between the plaintiff and Detroit Diesel is $20,500, diversity jurisdiction is lacking, and no other fount of federal jurisdiction has been suggested. Because the Court's order of dismissal did not purport to obligate the parties to comply with their settlement agreement or otherwise make breach of the settlement agreement a breach of the order, ancillary jurisdiction is lacking. Accordingly, for lack of jurisdiction Detroit Diesel's motion to enforce settlement is denied.
>
> The Court's order authorized any party to reinstate the action should settlement not be consummated within thirty days. The plaintiff's motion is based on the parties' admitted failure to consummate settlement, and the motion was timely filed. Accordingly, the plaintiff's motion to reinstate is granted. The action as to Detroit Diesel is hereby reinstated.

(Doc. 101). The Third Circuit likewise addressed this scenario:

> In this instance the district court's . . . Order did contemplate the possibility of reinstating this lawsuit if the settlement had not been carried out. As Shaffer would have it, that somehow conferred jurisdiction on the district court to grant the entirely different relief of enforcing the settlement agreement because a motion to that latter end was brought within 60 days of the . . . Order. But that contention is at cross-purposes with the principles announced in *Kokkonen* . . . and we hold today that language in a dismissal order providing for the reinstatement of an action if a settlement agreement is not consummated does not satisfy the first *Kokkonen* precondition for the enforcement of the settlement agreement itself.

Shaffer v. GTE N., Inc., 284 F.3d 500, 504 (3d Cir. 2002).

Here, unlike in Tardie, Stanley makes no allegations as to the amount in controversy *with respect to the settlement agreement*,[11] and Stanley's motion is devoid of any other allegations

---

[11] (See Doc. 20 at 1 n.1) ("The settlement amount has been redacted from the Release and all emails or correspondence attached as exhibits because the amount is confidential."). Stanley is presently litigating not the original claim but instead one for breach of the settlement contract. See Kokkonen, 511 U.S. at 381 ("The short of

supporting an independent basis for federal jurisdiction. Therefore, given the want of ancillary jurisdiction over the parties' supposed settlement agreement and Stanley's failure to establish an independent jurisdictional source, Stanley's motion to enforce settlement is **DENIED.** <u>See</u> <u>SmallBizPros, Inc. v. MacDonald</u>, 618 F.3d 458, 464 (5th Cir. 2010) ("[J]urisdiction is a strict master and inexact compliance is no compliance."). However, because the prior order of dismissal was made "subject to the right of either party to reinstate this action within thirty (30) days of the date of this Order should the settlement not be finalized," (Doc. 18), and Stanley subsequently moved to reinstate within that time frame, this action is hereby **REINSTATED**. The current Rule 16(b) Scheduling Order shall remain in place. (<u>See</u> Doc. 16). As indicated, the Final Pretrial Conference is scheduled before United States District Judge Kristi K. DuBose on **December 12, 2024, at 9:30 a.m.** in **Mobile, Alabama** and this jury action will come on for trial during the month of **January 2025**, the specific dates to be set during the Final Pretrial Conference. (<u>Id.</u> at 1).

       **DONE** and **ORDERED** this **16th** day of **July 2024**.

                           **/s/ Kristi K. DuBose**
                           **KRISTI K. DuBOSE**
                           **UNITED STATES DISTRICT JUDGE**

---

the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit.").